IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID NICHOLS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MEDICREDIT, INC., and DOES 1-10, )<br>inclusive, )<br>)<br>Defendants. ) | Case No. 4:14-cv-00838<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT MEDICREDIT, INC.S' ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Medicredit, Inc. ("Defendant"), by and through counsel, and for its Answer to Plaintiff's Complaint (Dkt. # 1 (the "Complaint")), respectfully states as follows:

### INTRODUCTION

1. Paragraph 1 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendant denies committing any violation of 15 U.S.C. § 1692 *et seq.* or 47 U.S.C. § 277, *et seq.*

2. Defendant admits that this Court has jurisdiction over Plaintiff's claims arising under 15 U.S.C. § 1692k and 47 U.S.C. § 227(b).

3. Defendant admits that venue is proper in this judicial district. Defendant denies all other allegations set forth in Paragraph 3 of the Complaint.

### PARTIES

4. Paragraph 4 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

Paragraph 4 of the Complaint and, therefore, denies the same.

5. Defendant admits that it is a Missouri corporation. Defendant further admits that it is a debt collector under 15 U.S.C. § 1692a(6). However, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegation that it is a debt collector under 15 U.S.C. §1692a(6) for purposes of the present action and, accordingly, denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies the same.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and, therefore, denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies the same.

**B. The Facts**

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies the same.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies the same.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies the

same.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

## COUNT I
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692, *et seq.*

21. Defendant hereby incorporates by reference its Answers to Paragraph 1 through Paragraph 20 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

26. Defendant hereby incorporates by reference its Answers to Paragraph 1 through Paragraph 25 of the Complaint.

27. Paragraph 27 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and, therefore, denies the same.

28. Paragraph 28 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and, therefore, denies the same.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

34. Defendant hereby incorporates by reference its Answers to Paragraph 1 through Paragraph 33 of the Complaint.

35. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and, therefore, denies the same.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint and, therefore, denies the same.

39. Paragraph 39 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and, therefore, denies the same.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

## JURY DEMAND

43.     Defendant demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

A.      All allegations of the Complaint not specifically admitted by Defendant are hereby denied.

B.      Answering further and by way of affirmative defense, Plaintiff's Complaint fails to state a claim upon which relief can be granted in that Plaintiff's Complaint states mere legal conclusions without any factual support.

C.      Answering further and by way of affirmative defense, Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands.

D.      As and for its affirmative defense, Defendant states that any and all failures to comply with the requirements of the Fair Debt Collection Practices Act which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of 15 U.S.C. § 1692k(c), Defendant is not liable to Plaintiff.

E.      As and for its affirmative defense, Defendant states that Plaintiff has not incurred any actual damages as a result of the alleged violations by Defendant of the Fair Debt Collection Practices Act.

F.      As and for its affirmative defense, Defendant states Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

G.      As and for their affirmative defenses, Defendant states that the Federal

Communications Commission ("FCC") has exclusive rulemaking authority under the TCPA. Pursuant to that rulemaking authority, the FCC also issues orders providing guidance on interpretation and compliance with its provisions. On January 4, 2008, the FCC adopted its Declaratory Ruling 07-232, in "In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." In part, this Declaratory Ruling provided:

> "[A]utodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party, and, that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 564 (2008). And, referring to an earlier Order entered in 1992, the FCC stated:

> "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."

*Id.*

H. The phone number allegedly called by Defendant in attempting to collect Plaintiff's account was provided by the debtor-Plaintiff to the third-party creditor (the "Creditor") to which the subject debt (the "Debt") was due and owing. Thus, any calls made by Defendant to Plaintiff were made at the phone number that Plaintiff provided and that Plaintiff consented to be contacted at with respect to the Debt pursuant to the FCC's interpretation and guidance on the application of the TCPA. Accordingly, Plaintiff's claims for violation of the TCPA must fail. Alternatively, Plaintiff, with his full knowledge and consent, provided the cellular telephone number to the Creditor as the contact number for the account under which the Debt was incurred.

I. As and for their affirmative defenses, Defendant states that Plaintiff's claims for

violation of the Telephone Consumer Protection Act ("the TCPA") are preempted by the provisions of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA was specifically enacted by Congress to regulate communications in the collection of consumer debts, whereas the TCPA was enacted solely for the purpose of regulating telemarketing calls, not calls placed in connection with collection of debts. Therefore, imposing liability on Defendant under the TCPA for any communications made to Plaintiff, and that were not telemarketing calls, violates the express intent and purpose of the TCPA.

   J. As and for their affirmative defenses, Defendant states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

   K. As and for their affirmative defenses, Defendant states that to the extent that they have inadvertently violated the TCPA in connection with collection of the Debt owed by Plaintiff, such violation was accidental and unintentional.

   L. As and for their affirmative defenses, Defendant states that to the extent that they have inadvertently violated the TCPA in connection with collection of the Debt owed by Plaintiff, this was caused by the actions of third-parties, to wit: (1) Plaintiff in providing to Creditor the cellular telephone number referred to in the Complaint, and which was contacted by Defendant on behalf of Creditor in an effort to collect the Debt owed by Plaintiff; and (2) the Creditor in providing Plaintiff's cellular telephone number to Defendant, and in representing to Defendants that Plaintiff offered his cellular telephone number as the contact number for the account under which the Debt was incurred.

   M. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses

available. Defendant hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant Medicredit, Inc. prays that this Court dismiss Plaintiff's Complaint, with prejudice, for their costs incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**LATHROP & GAGE LLP**

/s/ Scott J. Dickenson
Scott J. Dickenson, #50478MO
James Redd IV, #66172MO
7701 Forsyth Blvd., Suite 500
Clayton, MO 63105
Telephone:  (314) 613-2800
Telecopier:   (314) 613-2801
sdickenson@lathropgage.com
jredd@lathropgage.com

**Attorneys for Defendant
Medicredit, Inc.**

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above pleading was served by the Court's ECF system on this 30th day of May, 2014 on counsel of record.

            /s/ Scott J. Dickenson